UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCORRO AIDE R., an Individual,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>    Defendant. | Case No.: 5:19-02069 ADS<br><br>MEMORANDUM OPINION AND ORDER |

## I.  INTRODUCTION

  Plaintiff Socorro Aide R.[1] ("Plaintiff") challenges Defendant Andrew M. Saul, Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial of her application for supplemental security income ("SSI"). Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected her testimony regarding her

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

subjective limitations due to her fibromyalgia. For the reasons stated below, the decision of the Commissioner is affirmed, and this matter is dismissed with prejudice.

## II.     FACTS RELEVANT TO THE APPEAL

Plaintiff filed an application for SSI on July 12, 2016, alleging a disability onset date of February 1, 2016. (Administrative Record "AR" 138-43). Plaintiff stated on her application that she filed for disability due to fibromyalgia. (AR 71). When asked at the Administrative hearing what prevents her from working, Plaintiff testified of the following conditions: complications from fibromyalgia, problems with sleeping and issues with her left hand for which she recently had surgery. (AR 46-48).

Plaintiff's attorney at the hearing stated that she is seeking disability primarily for fibromyalgia, but that she also has polyarthralgia related to post traumatic arthritis, obstructive sleep apnea, and a hemangioma on her left hand. (AR 37). The attorney stated that it is a combination of these conditions that keeps Plaintiff from being able to work. Id. The attorney also stated that Plaintiff was currently being worked up for in-home support services, which establishment was likely imminent. Id.

Plaintiff testified that she lives with her boyfriend of 17 years and her son. (AR 34). Plaintiff stated that her adult daughter helps her to get out of bed, get dressed, washes her hair and cleans and cooks for her. (AR 40). Plaintiff also testified that her daughter had recently quit her job and was preparing to be her in-home caretaker. Id. Plaintiff stated she does no housework and that her typical day consists of sitting in a recliner or lying in bed and watching television.

Plaintiff's rather negligible documented work history, evidences that Plaintiff last worked in 2003, earning $8340 that year. (AR 144, 148). Plaintiff testified that her last employment was at In-N-Out Burger where she worked from approximately 2000 thru

2003. (AR 44). Plaintiff stated that stopped working at In-N-Out burger when she got pneumonia and could no longer perform her job duties. (AR 44-45). Plaintiff also testified that, shortly after stopping work, she began having her current symptoms and that for a long period of time she was told she might have lupus and only in 2016 was she diagnosed with fibromyalgia. (AR 50-54).

### III. PROCEEDINGS BELOW

#### A. Procedural History

Plaintiff filed an application for SSI on July 12, 2016, alleging disability beginning February 1, 2016. (AR 138-43). Plaintiff's claims were denied initially on September 30, 2016 (AR 71-82), and upon reconsideration on December 28, 2016 (AR 84-93). A video hearing was held before ALJ Louis M. Catanese on October 31, 2018. (AR 33-70). Plaintiff, represented by counsel, appeared and testified at the hearing. Appearing and testifying by phone was vocational expert Daniel Kennan. (Id.)

On November 19, 2018, the ALJ found that Plaintiff was "not disabled" within the meaning of the Social Security Act.[2] (AR 18-29). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on September 23, 2019. (AR 1-6). Plaintiff then filed this action in District Court on October 29, 2019, challenging the ALJ's decision. [Docket "Dkt." No. 1].

---

[2] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A).

On April 6, 2020, Defendant filed an Answer, as well as a copy of the Certified Administrative Record. [Dkt. Nos. 16, 17]. The parties filed a Joint Stipulation on August 5, 2020. [Dkt. No. 20]. The case is ready for decision.[3]

### B. Summary of ALJ Decision After Hearing

In the decision (AR 18-29), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.[4] 20 C.F.R. § 416.920(a). At **step one**, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since May 11, 2016, the application date. (AR 21). At **step two**, the ALJ found that Plaintiff had the following severe impairments: (a) fibromyalgia/polyarthralgia; (b) asthma; (c) sleep apnea; and (d) morbid obesity. (AR 21). At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." (AR 22).

---

[3] The parties filed consents to proceed before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. [Dkt. Nos. 11, 12].

[4] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC")[5] to perform no greater than light work as defined in 20 C.F.R. § 416.967(b)[6,] restricted by the following limitations:

> could not climb ladders, ropes, or scaffolds and could perform all other postural activities on an occasional basis (climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling); would also need to avoid concentrated exposure to hazards and also pulmonary irritants in the workplace; and could also frequently handle with the left upper extremity.

(AR 23).

At **step four**, the ALJ found that Plaintiff has no past relevant work. (AR 28). At **step five**, considering Plaintiff's age, education, work experience and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform." (AR 28). The ALJ accepted the vocational expert's testimony that Plaintiff would be able to perform the representative occupations of: cashier II (DOT 211.462-010); ticket taker (DOT 233.677-010); and router (DOT 222.587-038). (AR 29). Accordingly, the ALJ determined that Plaintiff had not been

---

[5] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 416.945(a)(1).

[6] "Light work" is defined as
> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 416.967(b); see also Rendon G. v. Berryhill, 2019 WL 2006688, at *3 n.6 (C.D. Cal. May 7, 2019).

under a disability, as defined in the Social Security Act, since May 11, 2016, the date the application was filed. (AR 29).

## IV. ANALYSIS

### A. Issue on Appeal

Plaintiff raises one issue for review: whether the ALJ failed to provide clear and convincing reasons to reject her subjective limitations due to her fibromyalgia? [Dkt. No. 20 (Joint Stipulation), 4].

### B. Standard of Review

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g). The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence. Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (District Court's review is limited to only grounds relied upon by ALJ) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)). A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and

internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless, that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citation omitted); Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012).

### C. Whether the ALJ Properly Evaluated Plaintiff's Testimony

Plaintiff asserts that the ALJ did not properly evaluate her testimony regarding her limitations due to fibromyalgia. Defendant, on the other hand, contends the ALJ properly evaluated Plaintiff's subjective statements, finding them inconsistent with and unsupported by the record.

#### 1. Legal Standard for Evaluating Claimant's Testimony

A claimant carries the burden of producing objective medical evidence of his or her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms. Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). Once the claimant meets that burden, medical

findings are not required to support the alleged severity of pain.  Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); see also Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) ("claimant need not present clinical or diagnostic evidence to support the severity of his pain") (citation omitted)).  Defendants does not contest that Plaintiff carried her burden of producing objective medical evidence of her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms.

Once a claimant has met the burden of producing objective medical evidence, an ALJ can reject the claimant's subjective complaint "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so."  Benton, 331 F.3d at 1040.  To discredit a claimant's symptom testimony when the claimant has provided objective medical evidence of the impairments which might reasonably produce the symptoms or pain alleged and there is no evidence of malingering, the ALJ "may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear and convincing reasons for doing so."  Brown-Hunter, 806 F.3d at 489 ("we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination"); Laborin v. Berryhill, 867 F.3d 1151, 1155 (9th Cir. 2017).

The ALJ may consider at least the following factors when weighing the claimant's credibility: (1) his or her reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. Thomas v. Barnhart, 278 F.3d 948, 958-59 (9th Cir. 2002) (citing Light, 119

F.3d at 792). "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Id. at 959 (citing Morgan v. Apfel, 169 F.3d 595, 600 (9th Cir. 1999)).

    (a)  SSR 12-2p Evaluation of Fibromyalgia

Due to the complexity and numerous cases dealing with fibromyalgia ("FM"), the SSA has issued Soc. Sec. Rul. 12-2p to provide clearer guidance and policy interpretation of this impairment. Social Security Claims and Procedures, Vol. 1, 6th Edition, 2020 Supplement, § 8:151 (citing 77 Fed. Reg. 43640 (July 25, 2012)). FM is a medically determinable impairment (MDI) when the appropriate medical evidence is established from an acceptable medical source (a licensed physician or osteopathic doctor). A person will be found to have an MDI of FM if he or she is diagnosed with FM and his or her physician provides evidence in accordance with the 1990 American College of Rheumatology Criteria for the Classification of Fibromyalgia or the 2010 American Colleges of Rheumatology Preliminary Diagnostic Criteria. [7]

The 1990 American College of Rheumatology Criteria for the Classification of Fibromyalgia includes a finding of wide-spread history of pain in all quadrants of the body and axial skeletal pain that has persisted for at least three months. There also must be at least eleven positive tender points on a physical examination found bilaterally on the body above and below the waist. (The 18 tender point sites are located on each side of the body at the occiput (base of skull); low cervical spine (back and side

---

[7] The ALJ found here that "[i]t does not appear that the claimant has been diagnosed with fibromyalgia as described in Social Security Ruling 12-2p, I accept the diagnosis based on the report of claimant supported by diagnoses in the record, including from the consultative examiner, who diagnosed a history of fibromyalgia with polyarthralgia." (AR 25, n. 3).

of the neck); trapezius muscle (shoulder); supraspinatus muscle (near the shoulder blade); second rib (top of the rib cage near the sternum or breast bone); lateral epicondyle (outer aspects of the elbow); gluteal (top of the buttock); greater trochanter (below the hip); and inner aspect of the knee). Additionally, there must be evidence that other disorders that would cause the symptoms or signs were excluded.

The 2010 American College of Rheumatology Preliminary Diagnostic Criteria includes finding of widespread history of pain. There also must be repeated manifestation of six or more FM symptoms, signs, or co-occurring conditions such as fatigue, memory problems, waking unrefreshed, depression, anxiety, or irritable bowel syndrome. Additionally, there must be evidence that other disorders that would cause the symptoms or signs were excluded.

The documentation needed to establish the presence of MDI and FM includes objective medical evaluation from treating sources and treatment notes from these same sources. Other evidence is also acceptable and includes evidence from medical sources, such as psychologists and non-medical sources such as neighbors, friends, relatives, and clergy; past employers, rehabilitation counselors, and teachers; and statements from SSA personnel who interviewed the person.

As with any adult claim for disability benefits, the SSA will use the five-step sequential evaluation process to determine whether an adult with an MDI of FM is disabled.

2. <u>The ALJ provided Clear and Convincing Reasons Supported by Substantial Evidence</u>

Having carefully reviewed the record, the Court finds that the ALJ provided specific, clear and convincing reasons for discounting Plaintiff's subjective limitations of fibromyalgia.[8] The ALJ found that Plaintiff's subjective complaints were not entirely consistent with the medical evidence of record or the medical opinions of record, and found inconsistencies in Plaintiff's statements and conduct, including her own statements of daily activities in the medical records. (AR 23-28). Plaintiff, however, contends that the ALJ did not give clear and convincing reasons to dismiss her testimony.

Important to note, the ALJ did not "dismiss" Plaintiff's testimony concerning her pain, symptoms, and level of limitation. Rather, the ALJ stated that he had considered Plaintiff's testimony in limiting her work at the less than light exertional level, which was less than had been assessed by the State agency medical examiners. (AR 23-27). Accordingly, the ALJ reduced Plaintiff's RFC of light work to "could not climb ladders, ropes, or scaffolds and could not perform all other postural activities on an occasional basis (climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling); would also need to avoid concentrated exposure to hazards and also pulmonary irritants in the workplace; and could frequently handle with the left upper extremity." (AR 23).

The ALJ performed a thorough review of Plaintiff's medical record and found that it did not fully support Plaintiff's allegations of disabling conditions. The ALJ

---

[8] The ALJ did not make a finding of malingering in her opinion. (AR 18-29).

reviewed and cited to Plaintiff's medical records and finding they "are unremarkable and include clear lungs; intact sensation; normal gait, station, and posture; and full lumbar spine range of motion with no tenderness." (AR 24). The ALJ found that the records did not demonstrate that Plaintiff would be unable to perform a range of light exertion, with the express limitations. See Chaudhry v. Astrue, 688 F.3d 661, 672 (9th Cir 2012) (the ALJ's determination should not be second-guessed where reasonable and supported by substantial evidence).

The ALJ properly considered how consistent Plaintiff's subjective symptom statements were with this objective medical evidence. 20 C.F.R. § 404.1529(c)(2). This could not be the ALJ's sole reason for rejecting Plaintiff's statements about her symptoms, but it was a factor that the ALJ was permitted to consider. Id.; see also Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (while a claimant's subjective statements about symptomology "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor"). Thus, the lack of consistency between Plaintiff's medical records and her testimony was a proper basis for the ALJ's discounting Plaintiff's testimony.

The ALJ also properly considered that the medical opinion evidence, all of which found Plaintiff capable of performing medium work, contradicted Plaintiff's symptom testimony. (AR 25-30). See 20 C.F.R. § 416.929(c)(4) (conflicts between a claimant's statements and statements by medical sources are considered in evaluating subjective complaints); see also Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir. 2008) (finding that the medical evidence, including the opinions of two physicians that a

claimant could work, supported the ALJ's credibility determination); Moncada v. Chater, 60 F.3d 521, 524 (9th Cir. 1995) (an ALJ may consider physician opinions that claimant could work, which contradict claimant's assertion to the contrary).  As Defendant points out, it is notable that Plaintiff fails to point to any medical opinion indicating that she had any greater limitations than the medical doctors opined.  The ALJ, however, did take Plaintiff's subjective complaints and testimony into consideration, and assessed her with an RFC for light work, with limitations – less than the medium level of work the medical opinions assessed for Plaintiff.

Plaintiff contends that the ALJ improperly pointed to her level of daily activity as a basis for dismissing her testimony.  This is not correct.  The ALJ merely cited to Plaintiff's statements in the record of her daily activities to show the inconsistency with her testimony at the Administrative hearing.  (AR 24).  An ALJ is permitted to consider daily living activities in his credibility analysis.  See 20 C.F.R. § 404.1529(c)(3) (daily activities are a relevant factor which will be considered in evaluating symptoms); see also Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors").  Daily activities may be considered to show that Plaintiff exaggerated her symptoms.  See Valentine v. Astrue, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ properly recognized that daily activities "did not suggest [claimant] could return to his old job" but "did suggest that [claimant's] later claims about the severity of his limitations were exaggerated.").  Although Plaintiff takes issue with this, it was proper for the ALJ to have considered daily living activities in his credibility analysis.  See Burch, 400 F.3d at 681.

Based on these clear, convincing and specific reasons for partially rejecting Plaintiff's pain and limitations testimony and the substantial evidence to support his determination, the Court concludes that the ALJ did not commit error in discounting Plaintiff's testimony.

## V. CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice. Judgment shall be entered accordingly.

DATE: December 30, 2020

        /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge